UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | Case No.  EP:25-CR-01675(1)-LS |
| | § | |
| TRASHAWN DEQUANTE TYSON | § | |

## ORDER

Before the Court is Defendant Trashawn Dequante Tyson's "Amended Motion to Reconsider Order Revoking Bond and Reinstate Appearance Bond" ("Motion") (ECF No. 44), in which he asks the Court to reconsider its order revoking his bond, particularly the finding that he is "unlikely to abide by any condition or combination of conditions of release." Mot. at 3–6, ECF No. 44. Defendant admits that he violated his release conditions by traveling to Louisiana without permission, but he argues that, as shown at the revocation hearing, he otherwise complied with all the release conditions and has demonstrated that he is neither a flight risk nor a danger to the community. *Id.* The Government opposes the Motion. Resp. in Opp'n at 3, ECF No. 45.

Reconsideration of a release or detention ruling is available under both the Court's inherent authority and the Bail Reform Act. District courts have continuing jurisdiction to revisit their prior rulings in criminal cases, including bond determinations, and they recognize motions for reconsideration as a limited exercise of that inherent authority. *United States v. Scott*, 524 F.2d 465, 467 (5th Cir. 1975); *United States v. Salinas*, 665 F. Supp. 2d 717, 720 (W.D. Tex. 2009).

Under that inherent authority, reconsideration is appropriate only to correct a manifest error of law or fact or to consider new or previously unavailable information, and the movant bears a high burden to justify relief. *Salinas*, 665 F. Supp. 2d at 720. These limits prevent parties from relitigating issues already decided. *Id.*

The Bail Reform Act reflects the same principles.  It expressly permits a court to reopen a detention hearing before trial when new information—unknown to the movant at the time of the hearing—has a material bearing on whether conditions of release will reasonably assure the defendant's appearance and the safety of the community.  *See* 18 U.S.C. § 3142(f).

Here, Defendant's Motion does not identify the ground on which he seeks reconsideration. It does not assert a manifest error of law—a plain and indisputable complete disregard of controlling law.  *See Puga v. RCX Sols.*, Inc., 922 F.3d 285, 293 (5th Cir. 2019).  Nor does it assert a manifest error of fact—an obvious mistake or departure from the truth.  *See Bank One, Texas, N.A. v. F.D.I.C.*, 16 F. Supp. 2d 698, 713 (N.D. Tex. 1998).  The Motion also offers no new information that was unavailable at the revocation hearing.  Instead, Defendant relies on facts that were either already available or elicited at the hearing.  *See* Mot. at 3–6.  In short, the Motion reflects mere disagreement with the Court's rulings, which may be a basis for appeal under 18 U.S.C. § 3145, but is not a ground for reconsideration.

Thus, the Court **DENIES** Defendant's "Amended Motion to Reconsider Order Revoking Bond and Reinstate Appearance Bond" (ECF No. 44).

The Court **ALSO DENIES AS MOOT** Defendant's original "Motion to Reconsider Order Revoking Bond and Reinstate Appearance Bond" (ECF No. 43).

**SIGNED AND ENTERED** on February 5, 2026.

_____
ANNE T. BERTON
UNITED STATES MAGISTRATE JUDGE

2